UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                       :

AVANZA TRADING, LLC,                  :

                        Plaintiff,    :

                                         :          26 Civ. 64 (LGS)

           -against-           :

                                       :          **ORDER**

ASCENSION BULK TERMINAL, LLC,     :

                      Defendant.   :

                                       :

------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendant moves to seal Exhibits A, C, and J to the Declaration of George K. Kontakis filed in connection with the Complaint (the "Exhibits").

WHEREAS,  a three-part inquiry determines whether to seal a document.  *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." [1] *Lugosch*, 435 F.3d at 119.  The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.*  The third step is to balance against the presumption any "competing considerations" such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120.  In weighing the presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents based on this right only "if specific, on the record findings are made

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, the party moving to place documents under seal "bears the burden of showing that higher values overcome the presumption of public access." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017).  Examples of higher values include the confidentiality of sensitive commercial information.  *Ayrton Cap. LLC v. Bitdeer Techs. Grp.*, No. 24 Civ. 5160, 2025 WL 1745680, at *2 (S.D.N.Y. June 24, 2025); *see Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting sealing of "specific business information and strategies," which, if revealed, "may provide valuable insights into a company's current business practices that a competitor would seek to exploit").

WHEREAS, the Exhibits are judicial documents subject to a strong presumption of public access.  *See GSC Logistics, Inc. v. Amazon.com Servs. LLC*, 23 Civ. 5368, 2023 WL 4993644, at *4 (S.D.N.Y. Aug. 4, 2023); *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016) ("A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision.").

WHEREAS, Defendant seeks to redact portions of the Exhibits containing non-public information including "pricing information," "guaranteed loading rates, and details of the capacity of the zones provided to Plaintiff" at Defendant's terminal.  A review of the proposed redactions confirms that they are consistent with Defendant's representation as to the redactions' scope.

WHEREAS, sealing the designated portions of the Exhibits is justified to protect the confidentiality of Defendant's sensitive commercial information, disclosure of which could result

2

in competitive harm to Defendant.  Defendant's proposed redactions are "narrowly tailored to serve that [confidentiality] interest." *Lugosch*, 435 F.3d at 120.

WHEREAS, the documents that Defendant seek to seal are also filed publicly as Exhibits A, C, and J to the Complaint, although Defendant does not specifically request that these documents be sealed.  Sealing is granted as to these documents as well.  It is hereby

**ORDERED** that Defendant's motion to seal is **GRANTED**.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 25 and to place Dkts. 1-1, 1-3, 1-10, and 5-10 under seal.

Dated: March 9, 2026
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE